GENERAL MOTORS CORP. *v.* MOFFETT.

(Decided November 7, 1927.)

*Messrs. Orgill, Maschke & Wickham,* for plaintiff in error.

*Mr. Guy O. Farquharson,* for defendant in error.

LEVINE, J.   Error is prosecuted from the judgment of the common pleas court, wherein defendant in error, Ilif C. Moffett, obtained a judgment for damages against plaintiff in error.

It appears from the evidence that defendant in error sustained injuries under the following circumstances:

The Oakland Motor Company is a corporation maintaining a sales and service establishment at No. 1975 East Sixty-Fifth street, Cleveland, Ohio. There is a narrow street or alley on the south side of this establishment running east of Sixty-Fifth street. On June 14, 1925, about 5 p. m., Ilif C. Moffett, defendant in error, parked his automobile in this alley and entered a side door of the service department of the Oakland Motor Company, accompanied by a

service man employed by the Oakland Motor Car
Company, to obtain a handle for the door of his auto-
mobile. He remained in the establishment a short
time, and just as he emerged from the side door of
the establishment, entering into the alley, he ob-
served that an automobile had been driven in the
alley during the time that he was in the establish-
ment, with its rear immediately to his right as he
passed out of the door into the alley. This lately
arrived automobile was being given service by an
employee of the Oakland Company, in that he was
cleaning out the carburetor, and for this purpose
coal oil or gasoline had been injected into the carbu-
retor, after which the engine was to be run very
rapidly, thus cleaning it out.

Just as Moffett emerged from the establishment
and stepped behind the newly arrived automobile,
standing in the alley, the employee of the Oakland
Company suddenly raced the engine of the standing
automobile, and thereupon Moffett was completely
enveloped in a black smoke. Moffett, believing that
the standing automobile was about to move toward
him, or away from him, ran from the rear of the
said automobile across the alley toward where his
automobile was parked, and while enveloped in this
smoke and running across the alley he was struck
and injured by an automobile being driven along
the alley by Elmer Reser, also one of the defendants
below.

On the trial of the case, the common pleas court
directed a verdict in favor of Elmer Reser, and
submitted the case against the General Motors Cor-
poration to the jury. The jury returned a verdict

against the General Motors Corporation for $3,000, and judgment was entered accordingly.

It is not denied by plaintiff in error that upon the state of facts presented some one is legally responsible for the injuries sustained by Moffett. In its answer the General Motors Corporation denied that it maintained or operated the aforesaid premises, or that the men involved were in its employ or acting for it, or that it had anything to do with the happening of the accident in any particular.

At the conclusion of the plaintiff's case, the General Motors Corporation moved for a directed verdict, which the trial court overruled. An exception was duly noted.

It is claimed that the trial court erred in overruling the motion of the General Motors Corporation for a directed verdict.

In order to determine this question, it becomes necessary, first, to examine into the plaintiff's petition; and, second, into the proof offered to sustain the allegations therein found.

The petition alleges that on the 14th day of January, 1925, this plaintiff called at the place of business of said defendant corporation for the purpose of purchasing some parts for his Oakland automobile; that at about 5:15 p. m. he left said building through one of the doors leading therefrom to said public alley; that as he left the building, as aforesaid, an employee of said corporation, then and there engaged in his duties as a repairman for said corporation, was repairing the automobile of a customer which was then standing in said public alley; that said employee was engaged in pouring kerosene in the cylinders of the engine of said auto-

mobile, and as this plaintiff came through the doorway, said employee caused the motor of said automobile upon which he was working, as aforesaid, to run at a high rate of speed, which caused a dense cloud of black smoke to emerge from the exhaust pipe thereof, which cloud of black smoke enveloped this plaintiff and prevented him from seeing other vehicles passing or standing in said alley, and that the racing of the motor of said automobile caused a loud noise which prevented this plaintiff from hearing other automobiles or vehicles approaching; that, as plaintiff came from said building, as aforesaid, the defendant Elmer Reser was driving his automobile in a westerly direction in said public alley, approaching said East Sixty-Fifth street, and the place where said plaintiff then was enveloped in said cloud of black smoke; that at said time and place the said defendant Elmer Reser, with reckless and wanton disregard and indifference of the presence of this plaintiff, as aforesaid, so negligently operated, managed, and controlled his said automobile, as will be more particularly set forth hereinafter, as to cause, permit, and allow said automobile to run upon, against, and strike this plaintiff with great force and violence.

The petition then recites the nature of the injuries sustained by Moffett.

Thereafter the petition set forth the particulars or specifications of negligence charged to the General Motors Corporation:

First: That the defendant General Motors Corporation, through its servants and employees, was at the time and upon the occasion aforesaid unlawfully engaged in the repairing of a motor vehicle on

a public alley of the city of Cleveland, Ohio, such repairs not being then and there emergency repairs, contrary to the ordinance of the city, etc.

Second: That the defendant, General Motors Corporation, through its servants and employees, in and upon said public alley, as aforesaid, negligently and wantonly caused, permitted, and allowed the motor of the automobile upon which they were working to run at a high rate of speed, thus causing a loud noise, which prevented this plaintiff from hearing other vehicles in operation in said alley.

The third and fourth allegations are similar in import to the previous allegations, but stated in different form.

It is nowhere charged in the petition that Elmer Reser was in any way connected with the General Motors Corporation, or that the automobile which he was operating, and which ran into defendant in error, was either owned or controlled by the General Motors Corporation. The sole basis of the charge of negligence, in so far as the General Motors Corporation is concerned, is permitting its employees and servants to do a repair job on another automobile in the public alley and to cause great clouds of smoke to emanate, which enveloped the entire alley in darkness and smoke, so as to prevent the defendant in error, or any one else, from seeing an approaching automobile or vehicle; also that the loud noise caused by the racing of the motor by the employees and servants of the General Motors Corporation, while working on a repair job in this public alley, prevented the defendant in error from hearing any possible warning that might be given,

and from taking the necessary precautions for his own protection.

Proceeding now to examine the proof offered by defendant in error to sustain the material allegations found in his petition:

Elmer Reser testified that he did not know whether the Oakland or the General Motors employed him and the others whose names he mentioned.

We may eliminate Elmer Reser from all consideration for the reason that, if Elmer Reser were to be held guilty of negligence as to the manner in which he operated his automobile, it could not be chargeable to the General Motors Corporation or any one else, under the state of pleadings, for there is not a single sentence in the petition of plaintiff in any way connecting Elmer Reser with the General Motors Corporation, as an employee or servant. Quite the contrary is true. Wherever in the petition a reference is made to Elmer Reser or to the car which he was then operating, which ran into the defendant in error, he is referred to as an individual, and the automobile which he was operating is referred to as his automobile.

A witness by the name of Zach Wright, who was working on the repair job on the automobile standing in the alley, which produced the smoke causing the accident, testified that he was inspector for the Oakland Motor Car Company, where they sell Oakland motor cars, and was working there in January, 1925, at the time of the accident.

The next person introduced was Willis Burke, inspector, who testified that he was employed at the time of the accident "at the Oakland Motor Car, or else the Oakland Motor Car Company, I don't know

just which it was." He was working on Moffett's automobile at the time of the accident, and went into the establishment with Moffett.

Next Lloyd J. Marsh was introduced, who testified that he was assistant manager of the Oakland Motor Car Company in Cleveland, operating at 1975 East Sixty-Fifth street; that the Cleveland branch was owned by the Oakland Motor Car Company, and that he was its branch manager; that he sold automobiles, new and used, sold parts and accessories for Oakland cars, and maintained a service-station.

There was introduced in evidence on behalf of Moffett, in addition to the foregoing, Plaintiff's Exhibit 1, which is the sixteenth annual report of the General Motors Corporation.

A careful examination discloses that the General Motors Corporation and the Oakland Motor Car Company are separate corporate entities, duly organized and existing, that on the 31st day of December, 1924, all the capital stock of the Oakland Motor Car Company was owned by the General Motors Corporation, and that the Oakland Motor Car Company is a corporation which sells the Oakland automobile manufactured by the General Motors Corporation.

The question of law, the answer to which controls these error proceedings, is whether the parent corporation, the General Motors Corporation, which owned all the stock of the Oakland Motor Company, may be held for the debts or obligations of the Oakland Motor Car Company. Quoting from 1 Cook on Corporations (8th Ed.), 38, Section 6, we read:

"A corporation is an entity, an existence, irrespective of the persons who own all its stock. The

fact that one person owns all the stock does not make him and the corporation one and the same person. Although one railroad corporation owns all the stock of another railroad corporation, yet the separate existence of the two corporations continues and they are not thereby merged.''

There is a recent decision by the Kansas Supreme Court bearing upon this question, the second paragraph of the syllabus of which reads as follows:

''In the absence of fraud or other invidious and vitiating circumstance, the fact that one corporation was instrumental in the formation of another corporation and owned nearly all of the stock of the latter corporation does not have the legal effect of making the parent corporation liable for the debts of the subsidiary corporation nor subject the property of the former to a lien in behalf of a creditor who claims all the assets of the latter corporation under a trust deed.'' *Continental & Commercial Trust & Savings Bank* v. *Garden City Co.*, 123 Kan., 659, 256 P., 983.

There is nothing in the record to show even to the slightest degree that there was an identity of executive personnel in the two corporations, or that separate operating managements were not maintained. Moffett purchased his automobile from the Oakland Motor Sales Company, and received the bill of sale from the Oakland Motor Car Company and not from the General Motors Corporation. The allegation in the petition to the effect that the General Motors Corporation was maintaining the establishment in which the accident happened was denied in the answer of the General Motors Corporation. It is therefore incumbent upon the defendant in

error to establish that allegation by some competent proof. Likewise it was alleged that the General Motors Corporation was negligent in certain respects because of the acts of its employees and servants. It became incumbent upon the defendant in error to offer some competent evidence tending to substantiate this allegation.

Upon the above considerations we are of the opinion that the motion of the General Motors Corporation for a directed verdict should have been sustained, and that the court erred in overruling same.

We may add this notation: While it is within the province of this court to enter a final judgment in favor of plaintiff in error, we deem it in the interest of justice to remand the case to the common pleas court for the purpose of enabling the defendant in error to supply proof, if such proof is existing, tending to substantiate the allegations of his petition.

The judgment of the common pleas court will therefore be reversed, and the case remanded for further proceedings.

*Judgment reversed and cause remanded.*

SULLIVAN, P. J., and VICKERY, J., concur.