THE STATE, EX REL. LEWIS, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Lewis, *v.* Indus. Comm. (1986), 23 Ohio St. 3d 195.]

(No. 84-1368—Decided April 30, 1986.)

*Gallon, Kalniz & Iorio Co., L.P.A., William R. Menacher* and *William E. Takacs,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Jenice R. Golson* and *Lee M. Smith,* for appellee Industrial Commission.

*Shumaker, Loop, & Kendrick, Jack G. Fynes* and *Deborah L. Kovac,* for appellee Southern Michigan Cold Storage Co.

*Per Curiam.* As always in cases of this kind, mandamus will not issue unless there is an abuse of discretion. *State, ex rel. Walters,* v. *Indus. Comm.* (1985), 20 Ohio St. 3d 71, 72.

It is undisputed that Great Lakes was Lewis' employer. The factual issue exists as to whether Great Lakes was a subsidiary or a division of Southern Michigan, and thus whether Southern Michigan is liable for the violation of a specific safety requirement.

The general rule is that a parent corporation is not liable for its subsidiary, even if wholly owned. *North* v. *Higbee Co.* (1936), 131 Ohio St. 507 [6 O.O. 166], syllabus; *General Motors Corp.* v. *Moffett* (1927), 27 Ohio App. 219, 226-227. The parent corporation is liable, however, where the other entity is a division or subdivision of the parent.

Lewis argues that Southern Michigan's failure to receive notice was not "due to cause beyond the control and without the fault or neglect" of the company, but rather was the result of its violation of Ohio Adm. Code 4121-3-21, which prescribes that employers must file changes of address with the commission. Southern Michigan counters by saying that the rule has no applicability to companies that cease business as did Great Lakes.

Should the Industrial Commission decide its cases on unknown facts? We think not. If Great Lakes was a separate subsidiary corporation, for which Southern Michigan generally is not liable, Southern Michigan would be under no compulsion to comply with Ohio Adm. Code 4121-3-21. On the other hand, if Great Lakes was a division of Southern Michigan, Southern Michigan would have been duty-bound to follow the rule. In short, the commission cannot determine the question of whether Southern Michigan's failure to receive notice resulted from excusable neglect until it determines the corporate relationship between Southern Michigan and Great Lakes. Likewise, the commission cannot decide whether Southern Michigan is liable to Lewis for violation of a specific safety requirement

until it discovers the corporate relationship between the two entities. Whether Southern Michigan is liable or not will dictate whether it pays for the violation of a specific safety requirement, or whether the payment is made from the surplus account funded by all other insured employers.

Southern Michigan contended before the Industrial Commission that it was not notified of the hearing. There is no evidence to refute this assertion, nor is there any evidence that Southern Michigan's failure to be notified resulted from its own fault or neglect. Southern Michigan placed before the commission an affidavit from its treasurer saying no notice was received. That affidavit, together with the aforementioned need to determine the corporate relationship between Great Lakes and Southern Michigan, justify the commission's order granting relief. The Industrial Commission did not abuse the discretion conferred upon it by R.C. 4123.522 when it granted relief under that section and allowed Southern Michigan to apply for rehearing. "The action of an administrative officer or board within the limits of the jurisdiction conferred by law is presumed, in the absence of proof to the contrary, to be valid and to have been done in good faith and in the exercise of sound judgment." *Wheeling Steel Corp.* v. *Evatt* (1944), 143 Ohio St. 71 [28 O.O. 21], paragraph seven of the syllabus.

The judgment of the court of appeals denying the writ is affirmed.

*Judgment affirmed
and writ denied.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

DOUGLAS and WRIGHT, JJ., concur in judgment only.